UNITED STATES DISTRICT COURT
SOUHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPATAIN MICHAEL CLARK and | ) Case No. 1:18-cv-1613-JMS-TAB |
| STATE OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENT[1]**

**I.    Introduction**

Defendants Captain Michael Clark and the state of Indiana have filed a motion to enforce an oral settlement agreement between Defendants and Plaintiff John Stokes. [Filing No. 90.] Defendants contend that Stokes agreed to settle this case on March 25, 2020, and that he cannot simply change his mind after the parties have reached a valid settlement. Plaintiff has not responded to this motion. As discussed below, the settlement is enforceable, and Defendants' motion should be granted.

**II.    Discussion**

Stokes, a prisoner at Pendleton Correctional Facility, asserts race and age discrimination claims against Defendants. [Filing No. 1.] Stokes was employed by the Pendleton Correctional Facility and alleges that his supervisor used derogatory language toward him and then initiated

---

[1] This motion was referred to the magistrate judge for ruling but not specifically for a report and recommendation. Because granting this motion would be dispositive of Plaintiff's claims, the magistrate judge addresses this motion on a report and recommendation basis.

1

his firing due to the side effects of Stokes' prescribed medications. *Id.* The undersigned held a settlement conference on March 25, 2020. Stokes and his counsel were present by phone. [Filing No. 74; Filing No. 78.] Defendants' representative and Defendants' counsel also attended by phone. [*Id*.] The parties agreed that Stokes would relinquish his claims against Defendants in exchange for a lump sum payment of $600.[2] Soon after the settlement conference, Defendants sent Plaintiff's counsel a proposed settlement and W-9 form for Plaintiff to sign. [Filing No. 79.] On April 20, 2020, Defendants sent a follow-up email to Plaintiff's counsel asking for an update on the status of the settlement agreement. [*Id*.] Plaintiff's counsel failed to reply to this email. [*Id*.] In a letter dated May 4, 2020, Defendants notified Plaintiff's counsel that if the settlement agreement was not signed and returned by May 8, 2020, Defendants would request a status conference with the magistrate judge. [*Id*.] On June 2, 2020, the Magistrate Judge held a status conference, at which Stokes advised the Court and the Defendants that he was reconsidering the terms of the oral settlement agreed to in March. Defendants filed a motion to enforce the settlement agreement on July 29, 2020, as a result of Stokes' refusal to sign the settlement agreement. [Filing No. 89.]

    Defendants correctly argue that Stokes cannot change his mind once a valid settlement agreement has been reached. A settlement of a federal claim is enforceable under the state law of contracts. *Lynch, Inc. v. SamataMason Inc*., 279 F.3d 487, 490 (7th Cir. 2002). The four elements to form a valid contract in Indiana are offer, acceptance, consideration, and manifestation of

---

[2] Although the motion to enforce does not state the amount of the settlement, the undersigned is aware that the amount is $600 by presiding over the settlement conference. Defendants presumably did not state this amount in the motion to keep the settlement amount confidential. However, given that the settlement is to be paid by the state of Indiana, the settlement is a public matter. *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 509–10, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984); *see also Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("The public has an interest in knowing what terms of settlement a federal judge would approve…").

mutual assent. *In re Paternity of M.F.,* 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010). Oral contracts, like the agreement reached here on March 25, 2020, require the parties to agree to all the terms of the contract. *Keating v. Burton,* 617 N.E.2d 588, 592 (Ind. Ct. App. 1993). The undisputed facts show that on March 25, 2020, the Court held a settlement conference to assist the parties in discussing settlement. Stokes participated in this conference by phone and was represented by counsel. Defendants and their counsel also participated in the settlement conference. At the close of this conference, the parties reached an oral settlement. Stokes agreed that in exchange for $600 he would dismiss all claims in this litigation against Defendants. [Filing No. 78.]

On June 9, 2020, Plaintiff sought to withdraw from the March 25, 2020, settlement. [Filing No. 85.] In a letter addressed to the Court, Stokes stated that he would "feel more comfortable" with a larger amount. Stokes does not raise any viable claim that the oral settlement agreement was made by mistake or accident or that he was coerced into the agreement.[3] *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 507 (7th Cir. 2007). Instead, Plaintiff is merely claiming that the settlement agreement is not to his liking. The Seventh Circuit Court of Appeals has long held, "A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient." *Glass v. Rock Island Refining Corp.,* 788 F.2d 454, 455 (7th Cir. 1986). It is telling that Plaintiff's counsel has not responded to the motion to enforce. Therefore, for all these reasons, the settlement is enforceable.

---

[3] After changing his mind about the settlement, Stokes filed a motion on June 9, 2020, seeking to dismiss his counsel. [Filing No. 84.] In that motion, Stokes makes several allegations, including that his counsel was attempting to "force him to accept a settlement." [*Id.*] The magistrate judge then set this matter for a conference on July 15, 2020, at which Stokes informed the Court that in fact he had changed his mind and no longer agreed to the settlement terms. [Filing No. 89.]

### III.    Conclusion

As discussed above, Defendants' motion to enforce an oral settlement agreement [Filing No. 90] should be granted. Defendants should be ordered to tender the $600 to Stokes' attorney for distribution to Stokes consistent with the terms of the representation. Defendants are instructed to file a motion with this Court that the payment has been made. At that time, the Court should dismiss this case with prejudice. Any objection to the magistrate judge's report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date:  9/23/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.